ANTON NELSON, APPELLANT, V. ERIC PLAUTZ ET AL., APPELLEES.

FILED MARCH 26, 1936. No. 29579.

*O. B. Clark,* for appellant.

*Chambers & Holland* and *Roland A. Locke, contra.*

Heard before Goss, C. J., Rose and Day, JJ., and Eldred and Tewell, District Judges.

Goss, C. J.

Plaintiff appeals from a judgment on a verdict directed against him in his suit for damages to him and his car in a collision. The point announced to the jury by the trial court when directing the verdict was that plaintiff was guilty of more than slight negligence.

The collision occurred about 8 o'clock on the morning of October 17, 1933, at the intersection of a north and south highway, called in the record the Emerald highway, and a road running northwest and southeast, called the Malcolm highway. Neither road was protected by stop signs. Plaintiff was on the seat at the right of his son, Edwin Nelson, who was driving plaintiff's car north. In the back seat were plaintiff's wife and daughter and his brother-in-law, Martin D. Franson. Mrs. Plautz and her mother were being driven by defendant Wilber Dewey in defendant Eric Plautz's car in a southeasterly direction on the Malcolm highway.

About 100 feet south of the intersection is a railroad track. Plaintiff's car slowed down for the track, which was considerably higher than the road it had been traveling, and when he was on the track, Edwin Nelson testified, he looked in both directions along the Malcolm highway but there was no car on that highway toward the northwest. He could see about a quarter of a mile to the northwest. The Emerald highway was level to the intersection. He was driving 15 to 18 miles an hour. There were some tall weeds that obstructed his view of the Malcolm highway for 20 or 30 feet after he left the railroad track, but when he reached a point 50 feet from the track he could have seen up and down the Malcolm highway. But he never looked again after leaving the track. He testified that he did not

see defendant's car coming from the northwest until it swerved to the left right in front of him to avoid a collision and then it was too late to do anything; that he saw it about ten feet away and then plaintiff's car was in the intersection with the front wheels across the center; the "front left corner" of plaintiff's car was hit by "about the center" of defendant's car; the right side of defendant's car was "pushed in quite a bit."

Franson was sitting on the left-hand side of the rear seat of plaintiff's car. He testified that he looked both ways when the car was on the railroad track—he could see a quarter of a mile west of the intersection—and saw no one coming; the next time he looked the Nelson car was just entering the intersection and he could see up that highway 300 feet but saw no one coming, and at that time the Nelson car was about 25 feet from where the collision occurred; there was no car in sight; he saw the Plautz car 200 feet away when the Nelson car was in the intersection; he thought the other car would slow up and go behind the Nelson car so he said nothing; he estimated the speed of the Plautz car at 60 miles an hour; the Nelson car was going about 10 miles an hour with its front wheels "almost" at the center of the intersection; the Nelson car proceeded about five feet when it was "side-swiped" (later changed by the witness to "front-swiped") by the Plautz car. The conclusion from the testimony of this witness that the car in which he was riding, going 10 miles an hour, was "front-swiped," after going 5 feet, by a car which traversed 200 feet in the same time, is too contrary to possibilities to justify credibility.

Plaintiff was a witness. He first saw the car about ten feet away. He says he grabbed the emergency brake, shut his eyes and when he came to "we were turned plumb around and over."

We get little help from the directions the cars took after the impact. That, of course, was influenced by the momentum with which they hit, the points where each contacted the other, and the consequent loss of control by the drivers.

If both cars had been driven with due care, the collision would not have occurred. It is not enough to prove that the driver of defendant's car was guilty of negligence if the evidence shows that the driver of plaintiff's car was also negligent and that his negligence was more than slight. Plaintiff "cannot recover, even though defendant was negligent, unless the contributory negligence of plaintiff was slight and the negligence of defendant was gross in comparison therewith; and, if, in comparing the negligence of the parties, the contributory negligence of the plaintiff is found to exceed in any degree that which, under the circumstances, amounts to slight negligence, or if the negligence of defendant falls in any degree short of gross negligence under the circumstances, the contributory negligence of plaintiff, however slight, will defeat a recovery." *Morrison v. Scotts Bluff County*, 104 Neb. 254, 177 N. W. 158. This leading case on the subject in this court has been followed in many others.

We do not seem to have any cases in our court where it was held, as a matter of law, that the failure to look would amount to more than slight negligence and preclude a recovery. In *Thrapp v. Meyers*, 114 Neb. 689, 209 N. W. 238, plaintiff testified that he looked in the direction of defendant before entering the intersection. So the court held that whether or not his failure to see the defendant constituted such negligence as would defeat a recovery was a question of fact. In the opinion the court said: "We have no doubt that cases may arise where it would be the duty of the court to rule, as a matter of law, that the failure of the driver of an automobile upon approaching an intersection to look in the direction from which other travelers upon the highway might be expected would amount to more than slight negligence and prevent a recovery, but we do not feel warranted in laying down a hard and fast rule governing all cases."

In *Thieme v. Weyker*, 205 Wis. 578, 238 N. W. 389, the court reversed a judgment for plaintiff and directed a judgment of dismissal, holding that, where plaintiff entered an

intersection at 15 miles an hour without looking, where looking would have been effective, he was guilty of contributory negligence as a matter of law.

To fail to apply such a rule to this case would be an invitation to the careless and reckless driver to continue in the exercise of these qualities. In these days, when automobiles in greater number and frequency cross even unimportant intersections, it is the duty of the court to state, upon occasions when such situations come before it, such rules of law as will aid in the safety of the highways. The driver of plaintiff's car had the opportunity to look when by looking he could see that defendant was coming at such a speed as would endanger plaintiff's car and its occupants, if it proceeded into the intersection without stopping or slowing down. Preventive action was easy. It would have been effective. He took no action whatever. This made him negligent in the circumstances, as a matter of law. It is true that plaintiff's car, being on the right of the other, had the right of way, other things being equal, but that did not do away with the duty of its driver to exercise due care and to avoid negligence on his own part.

The judgment of the district court is

AFFIRMED.