ESTHER DEBUS, APPELLEE, V. HENRY J. AMEN ET AL., APPELLANTS.

5 N. W. (2d) 92

FILED AUGUST 7, 1942. No. 31390.

110

*Max Kier,* for appellants.

*Frederick J. Patz, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

ROSE, J.

This is an action by Esther DeBus, plaintiff, to recover from Henry J. Amen and Edward Krumm, defendants, damages in the sum of $10,650 for negligently injuring her person and her automobile.

In the petition plaintiff alleged that, while she was carefully and properly driving her Ford automobile north on Eighth street in the city of Lincoln about 4:20 p. m. January 8, 1941, and while the front half of her car was north of the center line of intersecting F street and east of the center line of Eighth street, a Dodge motor truck owned by Henry J. Amen, defendant, and driven from the east on F street by his employee, Edward Krumm, defendant, ran into plaintiff's car, striking it on the right door and on the right front fender, causing the injuries of which complaint is made.

It was further alleged that the collision and resulting injuries to plaintiff and to her Ford car were caused by the negligence of defendant Edward Krumm in operating the motor truck of his employer, Henry J. Amen, defendant, at a greater speed than reasonable and proper at the time and place; in driving it in a careless manner without keeping a proper lookout or having it under control.

In answer to the petition, defendants admitted the occurrence of the collision, but denied negligence on their part, and alleged that the sole cause of the accident and of the resulting injuries to plaintiff was her own negligence in driving her Ford car improperly at a high speed without keep-

ing a proper lookout and in failing to yield the right of way.

The reply to the answer contained a general denial.

The trial resulted in a verdict in favor of plaintiff for $2,500. From judgment therefor, defendants appealed.

On appeal defendants take the position that a verdict should have been directed in their favor on the ground that the oral evidence and physical facts show as a matter of law that plaintiff was guilty of contributory negligence in a degree more than slight and such as to bar a recovery.

The collision occurred at or slightly north of the center of the intersection of Eighth and F streets in Lincoln. Eighth street runs north and south and F street east and west. They cross each other at right angles. At the time of the accident, there were no stop signs at Eighth and F. Plaintiff approached the intersection from the south while going north on Eighth street, and Krumm, driving west, approached the intersection from the east. Plaintiff testified that she stopped at a stop sign on D street, which is two blocks south of F, and proceeded north at about 12 miles an hour; that when about four car lengths south of F she looked to the left, west, where she could see about a third of a block on F, and saw no traffic; that, when about three car lengths south of F, she looked to the right, east, down F to the second house and did not see any traffic coming west; that, when about two car lengths south of F, she looked again to her right and did not see any car coming from the east; that, when even with the sidewalk line running east and west on the south side of F, she saw the Amen truck coming west in the center of F street toward Eighth between four and five car lengths from the intersection; that, without sensing any danger and thinking she could proceed in safety, she started across the intersection at about 10 miles an hour; that, when near the center of the intersection, with the front end of her car three feet north of the center line of F, she saw the Amen truck coming straight toward her without changing its course or slackening its speed which was 25 miles an hour; that she tried to get out of the way and turned her Ford to the left; that the front of the truck struck the right

door and the right front fender of her Ford; that, after the motor vehicles came to rest, Krumm came to her car before she had been taken from the wreck and said: "I didn't see you in time to stop." Eyewitnesses for plaintiff testified in substance: Plaintiff came into the intersection first, going 10 or 15 miles an hour. Krumm approached the intersection at 30 or 35 miles an hour in the center of F street without slackening his speed or changing his course or blowing a horn and struck the front right side of plaintiff's Ford. If these witnesses told the truth, plaintiff had the right of way and was free from negligence and defendant Krumm violated traffic rules of the city of Lincoln and negligently caused the collision.

On the contrary, Krumm testified in effect: He was first in the intersection. When the cars collided in the intersection he was going between 10 and 15 miles an hour and plaintiff between 30 and 35. While plaintiff was in her Ford after it came to rest, Krumm opened the left door and she asked: "Who was the man I hit?" He admitted he was the man and she said: "I didn't see your car at all." Eyewitnesses called by defendants testified that Krumm was first to enter the intersection; that his speed was about 15 miles an hour and that of plaintiff 25 miles; that the DeBus Ford struck the Amen truck.

In connection with the testimony outlined, the cross-examination of plaintiff and her witnesses and the physical facts disclosed by the entire record do not warrant the conclusion of defendants that the contributory negligence of plaintiff was such as to bar her claim for damages. On the record of conflicting evidence, the issues of negligence, of contributory negligence, of proximate cause and of plaintiff's injuries were clearly questions of fact for the jury, not questions of law for the court. The trial judge heard in detail all the evidence in the long record and held that plaintiff had made a case for submission to the jury. The jury also heard all the evidence, viewed the scene of the accident and rendered a verdict in favor of plaintiff. Error in the failure of the trial court to direct a nonsuit has not been found.

An instruction on the measure of damages is condemned by defendants as erroneous. In the event of a verdict in favor of plaintiff, she was permitted by the instruction to recover the difference between the value of her automobile immediately before and after the accident. This instruction, if erroneous, did not prejudice defendants for the reasons that recovery for damages to plaintiff's car was specifically limited to $210 and there was evidence of greater damages.

Referring to plaintiff, the same instruction on the measure of damages is also criticized by defendants because it permitted the jury to take into consideration "the pain and suffering which she has already endured and the pain and suffering, if any, which she will suffer in the future, remembering that the plaintiff cannot recover for pain and suffering in the future unless the same has been established by the evidence with reasonable certainty."

Plaintiff's personal injuries resulting from the collision, as shown by uncontradicted evidence, included: Concussion of the brain; bruises on the right leg and right ankle; fractured cartilage of the nose; fracture and displacement of right collar bone; broken ribs; injury to left lung; permanent deformity of right collar bone; limited action of right arm and right shoulder. The evidence tends to prove intense suffering from these injuries and that pain from the natural use of the right arm and shoulder has not yet subsided. In view of the evidence and of the verdict, which does not seem to be excessive, the instruction on the measure of damages is not erroneous to the prejudice of defendants.

AFFIRMED.