MARY G. WHITAKER, APPELLANT, V. MARY ALICE KEOGH,
ADMINISTRATRIX, APPELLEE.

14 N. W. 2d 596

FILED MAY 26, 1944.    No. 31750.

*Emmet S. Brumbaugh* and *Harry W. Whitaker, Jr.*, for appellant.

*Kennedy, Holland, DeLacy & Svoboda, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER and WENKE, JJ.

CARTER, J.

This is an action to recover damages for personal injuries sustained in an automobile accident. At the close of plaintiff's evidence the trial court directed a verdict for the defendant and dismissed the action. The plaintiff appeals.

The record shows that on November 27, 1940, the plaintiff, Mary G. Whitaker, was traveling east on Chicago street in the city of Omaha and as she was passing across 49th street she was struck by the car owned by Mary A. Keogh, now deceased, which was being driven at the time by her chauffeur in the course of his employment. The evidence of plaintiff is that as she approached the intersection of Chicago and 49th streets she looked north at a point just short of the west curb line of 49th street, that the car was then in second gear and proceeding at a speed of eight to ten miles an hour, that she could see for half a block north at that time and that no car was in sight. She testifies that she then looked south and, seeing no car approaching from that direction, proceeded into the intersection. Her car was struck between the door and front fender on the left side. Plaintiff's evidence is that she was on the streetcar track when struck and that the rear of the car extended about two feet over the east rail of the track after the collision occurred. She testifies that she was 61 years of age, had driven a car for 26 years, and had good eyesight. She also testifies that she did not see the car until the very moment of the collision. That she sustained injuries in the accident is not questioned. There is other evidence in the record to the effect that 49th street was 29 feet wide from curb line to curb line and that the streetcar track was in the center of the street, each rail being 12 feet from its adjacent curb.

Other evidence as to the location of trees and other obstructions indicates that plaintiff's view was unobstructed to the north for considerably more than half a block. The damage to plaintiff's car indicates that it was struck at about the point to which plaintiff testified. Upon this evidence the trial court directed a verdict for the defendant.

In the consideration of the case we are obliged to adhere to the rule that in reviewing an order sustaining a motion for a directed verdict at the close of plaintiff's evidence we will assume the existence of every material fact which plaintiff's evidence tends to establish and all logical inferences deducible therefrom.

It is the contention of the defendant that plaintiff, under the evidence adduced, has shown herself to be guilty of contributory negligence in such degree as to bar recovery. The particular rule relied upon is that it is the duty of the driver of a vehicle about to enter a street intersection to look for other vehicles entering the same intersection and that the duty to look implies the duty to see that which is in plain sight, unless some excuse for not seeing is shown. The contention of the defendant infers a duty on the part of one entering an intersection, not only to see all approaching cars within the range of his vision, but also a duty to take the measures necessary to avoid a collision, irrespective of the negligence of the driver of such an approaching car. Such a rule places an unprecedented burden upon one about to enter a highway or street intersection.

This court has held that the failure of the driver of an automobile, upon approaching an intersection, to look for vehicles approaching the same intersection, where, by looking, a collision could be avoided, constitutes negligence more than slight as a matter of law and operates to defeat a recovery. *Bergendahl v. Rabeler*, 133 Neb. 699, 276 N. W. 673; *Cuevas v. Yellow Cab & Baggage Co.*, 141 Neb. 662, 4 N. W. 2d 790. But this rule is subject to certain limitations. It was not intended to make a person entering a street intersection an insurer against a collision irrespective of the negligence of the other party.

In the instant case the plaintiff approached the intersection from the defendant's right and, consequently, had the right of way over all cars approaching from the left which had not entered the intersection ahead of her. Comp. St. 1929, sec. 39-1115. Plaintiff had the right to assume that the driver of any car approaching the intersection in an unfavored position would take the steps necessary to permit her to clear the intersection. The record does not disclose the position of defendant's car at the time plaintiff entered the intersection. There is no evidence, therefore, that defendant's car first entered the intersection and thereby became the favored car, and giving plaintiff's evidence all inferences most favorable to her as required in reviewing the correctness of an instructed verdict, we think the record shows that plaintiff had the right of way. The proper rule is that when a person enters an intersection of two streets or highways he is obligated to look for approaching cars and to see those within that radius which denotes the limit of danger. If he fails to see a car which is favored over him under the rules of the road, he is guilty of contributory negligence sufficient to bar a recovery as a matter of law. If he fails to see an automobile not shown to be in a favorable position, the presumption is that its driver will respect his right of way and the question of his contributory negligence in proceeding to cross the intersection is a jury question.

In the instant case, plaintiff, under the undisputed evidence, entered the intersection first, and no basis for a finding of contributory negligence sufficient to bar a recovery as a matter of law exists. Before a verdict can be properly directed in such a case the position of the defendant's car must be definitely located in a favored position, otherwise the question becomes one for the jury.

In a similar case the rule was stated as follows: "The driver of a car is not required to notice every car that happens actually to be within the range of vision, but only those within that radius which denotes the limit of danger." *Smith v. Blafkin*, 95 Pa. Super. Ct. 520. In another

case the court said: "If the jury believed his story that he looked and saw nothing, they might have inferred that defendant was so far away that he was not within the area which ordinarily would be covered in the act of looking. Plaintiff was not required to apprehend that defendant was going to approach at a reckless rate of speed. * * * Although, under the law, had these two parties come to the intersection at the same time, the defendant would have had the right of way, the fact that the plaintiff did not see defendant when he was at the second track would indicate that he must have been some distance away and that, therefore the plaintiff might reasonably believe that he had the right of way by reason of his being on the crossing without any other car being near to the right. In view of these facts, we do not think the case was one that the court could decide that contributory negligence was present as a matter of law." *Marshall v. Staab*, 83 Pa. Super. Ct. 365.

This type of case must not be confused with those where the driver, seeing a car approaching an intersecting street or highway, undertakes to cross in front of it. In such case, one, who sees an approaching car and tests an obvious danger by moving from a place of safety into the path of the oncoming vehicle and is struck, is guilty of contributory negligence sufficient to bar a recovery as a matter of law, whether he is driving the favored car or not.

The general rule governing the type of case at bar is that when the injured party fails to look at all, or looks straight ahead without looking to either side, or is in such a position that he cannot see, or, in other words, when he takes no precaution at all for his own safety, it is usually a question for the court. Where he looks and does not see an approaching vehicle, or, seeing one, erroneously misjudges its speed or distance, or for some other reason assumes that he can proceed and avoid a collision, the question is usually one for the jury. We think, however, that a proper interpretation of the foregoing rules requires one to see other automobiles approaching or entering intersections which have been favored with the right of way under the statutory rules of the

road, and the failure to see such a favored car bars recovery. To hold otherwise would permit one to ignore the rules of the road as to right of way with impugnity and render valueless the beneficent purpose of the right of way statute by the mere expedient of saying that he did not see the approach of the favored car.

The decisions of this court appear to have so limited the rule in its application in requiring one approaching an intersection to look and to see that which is in plain sight. See *Bergendahl v. Rabeler, supra*; *Cuevas v. Yellow Cab & Baggage Co, supra*; and *Thrapp v. Meyers,* 114 Neb. 689, 209 N. W. 238. The rule herein announced does not disturb the rules announced in the foregoing cases in respect to their application to the facts in those cases. The announced rule does, however, place limitations upon the scope of the rule which do not appear to have been previously stated.

The evidence shows that plaintiff's car was struck after it had passed the center of the intersecting highway. It is evident under the present state of the record that if defendant's car had been on its right-hand side of the intersecting street there would have been no accident. Under such circumstances it appears that the contributory negligence charged to plaintiff could not have been a proximate cause of the injury. On this ground alone the motion for a directed verdict should have been overruled.

The plaintiff complains of the ruling of the trial court in excluding a statement made by the chauffeur of defendant's car immediately after the collision. Plaintiff offered to show that the chauffeur said: "Lady, I am sorry. I just saw you the instant I collided with you." We think the evidence was properly receivable as an admission against interest. Whatever an agent or employee does in the lawful exercise of his authority is imputable to the principal, and where the acts of an agent or employee will bind the principal, his representations, declarations and admissions respecting the subject matter will also bind him, if made at the same time and constitute a part of the same transaction. Wigmore, Evidence, sec. 1078. The question is one

of substantive law, the law of agency. It is not a question of *res gestæ* as is often supposed. Wigmore, Evidence, sec. 1797.

We conclude therefore that the trial court was in error in directing a verdict. The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.