ANN K. GORMAN, APPELLEE, v. VERNE L. DALGAS, APPELLANT.

APPELLANT.

36 N. W. 2d 561

Filed March 18, 1949. No. 32521.

(1)

*A. J. Luebs,* for appellant.

*Walter P. Lauritsen* and *Harold A. Prince,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action to recover for personal injuries and property damage arising out of a collision of two automobiles in a street intersection. Issues were made and trial had to a jury, resulting in a verdict for the plaintiff. Defendant appeals from an order overruling a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. We affirm the judgment of the trial court.

We summarize plaintiff's evidence. The accident occurred in the city of Grand Island about 6 p. m. on a June evening. The weather was clear; it was fully daylight; and there were no unusual driving conditions. The two intersecting streets were 36 feet wide and the intersection a 36-foot square. The east and west street on which plaintiff was driving was practically level. The north and south street had a slight down grade. Plaintiff's car weighed approximately 3,300 pounds and was 17 feet long.

Plaintiff was proceeding west on the right side of the street at a speed which she estimated to be 15 miles an hour. She expected her daughter and a niece to be

walking west either on that street or one of the adjoining streets. Plaintiff was looking for these children. At a point "about three car lengths" to the east of the intersection she looked to the north and saw the defendant's car proceeding south on the right side of the street at about the alley or "about a half a block" away. She did not change her speed or direction. She looked to the south, then to the west, and again to the north when she saw defendant's car "ready to hit my car." She was not certain but thought in reaching for the brake she may have stepped on the gas. The point of collision was 21 feet west of the east line of the intersection and 16 feet south of the north line of the intersection, placing the collision in the northwest quarter of the intersection. Plaintiff's car was struck behind the right front wheel and about the front door. The pictures show a considerable area of the right side of the car pushed in toward the center and considerable glass broken. Plaintiff's car traveled 45 feet farther southwest, over a curb, and came to a stop partly turned up against a tree and headed north. Defendant's car turned to the west, moved in a circular direction, and came to a stop 16 feet from the point of impact. Defendant's car made distinct skid marks for 9 feet before the impact.

We summarize defendant's evidence as to the matters wherein it differs from that of the plaintiff. Defendant was driving south at a speed of about 20 miles an hour. His car weighed less than 2,800 pounds and was 15 feet in length. As he approached the intersection he looked to the west, and when about 3 car lengths or 45 to 50 feet from the intersection he looked to the east. He saw plaintiff's car coming "exceedingly fast"—about 40 miles an hour—and about 6 car lengths or 90 feet from the intersection. The driver was looking to the south. After she entered the intersection she looked up, made no change in speed, swerved to the left, and hit the left side of his car. Defendant did not change his course previous to the collision. He watched plaintiff's car coming the

whole distance and when he saw that plaintiff did not see him he put on his brakes and came "practically" to a stop before the collision. The left headlight, fender, grille, and bumper of defendant's car were broken and pushed "straight across" toward the center. There are no pictures of defendant's car. The cost of repair was $20. Defendant's car remained in position at approximately the point of impact except that the front end was pushed to the southwest.

Plaintiff alleged six particular grounds of negligence. The trial court submitted the case to the jury as to two grounds of alleged negligence of the defendant: (1) That he failed to have his car under such control that he could avoid a collision with plaintiff's automobile; and (2) that he failed to yield the right-of-way to the plaintiff notwithstanding the fact that she was first to enter the intersection.

Defendant's first assignment of error is that plaintiff was guilty of negligence more than slight, and sufficient to bar her recovery as a matter of law, and that the trial court erred in overruling a motion made for a directed verdict at the close of plaintiff's case and at the close of all the evidence. Defendant argues that he, approaching the intersection from the right, had the right-of-way; that there is no evidence that plaintiff entered the intersection first, and none from which such an inference can be drawn; and that plaintiff was negligent in entering the intersection with knowledge that his car was approaching and without watching for it.

Defendant's contention is that there is no evidence as to the location of his car when plaintiff first saw him, in that plaintiff's testimony that he was about "half a block" away is meaningless because there is no standard length of a block. It is a matter of common knowledge that in the settlement of the Plains States, of which Nebraska is one, urban areas were platted generally in squares or blocks of 300 feet on each side, and that, when used as a measurement of distance and nothing appears to the

contrary, the commonly accepted meaning of "a block" is 300 feet. It requires no evidence to show what that meaning is in this state. See State v. Berard, 40 La. Ann. 172, 3 So. 463. Without objection or explanation one of defendant's witnesses used the word "block" as a measurement of distance in this case. Plaintiff's testimony then that defendant's car was about half a block away translated into feet means about 150 feet away. Thus while plaintiff was traveling a distance of 51 feet to reach the intersection, defendant's car, according to plaintiff's testimony, would have had to travel a distance almost 3 times that to reach the intersection first. We think the plaintiff's evidence sufficient to take the case to the jury as to which car entered the intersection first.

The rules in this state are: "* * * when a person enters an intersection of two streets or highways he is obligated to look for approaching cars and to see those within that radius which denotes the limit of danger. * * * If he fails to see an automobile not shown to be in a favorable position, the presumption is that its driver will respect his right of way and the question of his contributory negligence in proceeding to cross the intersection is a jury question. * * * Before a verdict can be properly directed in such a case the position of the defendant's car must be definitely located in a favored position, otherwise the question becomes one for the jury. * * * Where he looks and does not see an approaching vehicle, or, seeing one, erroneously misjudges its speed or distance, or for some other reason assumes that he can proceed and avoid a collision, the question is usually one for the jury." Whitaker v. Keogh, 144 Neb. 790, 14 N. W. 2d 596.

As defendant contends, plaintiff was looking for the children. It is patent that she was also observing other users of the highway for she saw defendant's car at a distance which was not "within that radius which denotes the limit of danger" as a matter of law. She then looked to the left, to the front, and then back to the right. We see no ground for a holding that plaintiff was guilty of

negligence as a matter of law. The assignment is not sustained.

Defendant next assigns as error the giving of instruction No. 1 including the two alleged acts of negligence hereinbefore set out, and contends that there was no evidence that he failed to have his car under such control that he could avoid a collision with plaintiff's automobile. As to this, the defendant's evidence is that when he was within 45 or 50 feet of the intersection he looked to the east and saw plaintiff at a point about twice that distance from the intersection, proceeding at a speed of 40 miles an hour, and not looking to the right. Defendant testified that he proceeded without changing his speed or course (it is not shown that he gave a warning signal), and that he applied his brakes, under one construction of his testimony, as he entered the intersection, and it is a fair inference from his testimony that at that time plaintiff also was entering the intersection. His speed was such that his car skidded 9 feet although he testified that he could stop his car in 9 feet.

We have held that "Where two motorists approach an intersection at or about the same time, the driver approaching from the right has the right of way, and he may ordinarily proceed to cross, having a legal right to assume that his right of way will be respected by the other driver, but if the situation is such as to indicate to the mind of an ordinarily careful and prudent person in his position that to proceed would probably result in a collision, then he should exercise ordinary care to prevent an accident, even to the extent of waiving his right of way." Roberts v. Carlson, 142 Neb. 851, 8 N. W. 2d 175.

Under the best interpretation of defendant's evidence from his viewpoint, his failure to have his car under control was a jury question for it could well have been found that he delayed efforts to control his car for several feet after it was apparent that to proceed would probably result in a collision, and that he did not exercise ordinary care to prevent it.

Defendant further assigns as error the submission of the first-into-the-intersection issue. We have heretofore discussed the plaintiff's evidence as to that question. Defendant's evidence as to that justified presenting that issue. He testified that plaintiff's car was about twice the distance of his own from the intersection; that plaintiff's speed was twice his own; and that plaintiff did not reduce her speed and, as may be inferred from a part of his testimony, he did not reduce his speed or apply brakes before entering the intersection. If the jury accepted that version of the facts, both cars reached the intersection about the same time. However, on direct examination and again on cross-examination he testified that he applied his brakes and had them on before he reached the intersection. Accepting those statements as true, as well as his statements as to the speed and location of the two cars when he first saw plaintiff, the jury could well have found that plaintiff entered the intersection first. The trial court did not err in submitting the two issues to the jury.

In his amended answer and cross-petition defendant alleged certain parts of the traffic regulations of the city of Grand Island and alleged that plaintiff drove her automobile in violation of the provisions pleaded. Section 1, as pleaded, provided that when two automobiles approach or enter an intersection at approximately the same time, the driver on the left shall yield the right-of-way to the driver on the right. Section 18, as pleaded, provided that it shall be unlawful for any person to operate a vehicle on any street within the city at a rate of speed greater than is reasonable and prudent under the conditions then existing, and that it shall be unlawful at any time or under any conditions to operate a vehicle at a speed greater than 15 miles an hour in the congested district, 25 miles an hour on arterial streets outside of the congested district, and 20 miles an hour on all other streets. Section 20, as pleaded, dealt with careless driving. Plaintiff in reply denied this allegation.

·At the trial defendant offered and there were received · in evidence "traffic regulations of the City of Grand Island, Ordinance No. 1926." The bill of exceptions recites that sections 1 and 18 were read to the jury. Section 1, as read to the jury, contained the qualifying clause, not pleaded in the amended answer, "except as otherwise herein provided." Section 18 .as read to the jury was in the language pleaded in the amended answer.

The trial court instructed as to the city ordinances in two regards. The instruction as to section 18, about which there is no objection, omitted the arterial street provision. It was not claimed that either of the streets involved was in that classification. ˙ He further instructed that the ordinances provided: "When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right, *except that the driver of any vehicle traveling at an unlawful rate of speed shall forfeit any right of way which he might otherwise have.*"

Defendant assigns as error the giving of the emphasized part of the instruction, contending first that it was not shown to have been any part of the ordinances of the city of Grand Island, and second that there was no evidence of an unlawful speed on his part.

As to the first contention the bill of exceptions indicates that the entire ordinance was introduced and only two sections read to the jury. The entire ordinance is not in the bill and we are not able to determine whether the exception is in the ordinance or not. The trial judge certified that the bill of exceptions contained all the evidence, although the omission of the ordinance was not called to the attention of the court by either party in settling the bill. We need not resolve that matter. The instruction given is in almost the exact language of and in accord with section 39-751, R. S. 1943. A municipality has no authority to enact or enforce any rule or regulation contrary to the provisions of section 39-751, R. S.

1943. See §§ 39-741 and 39-767, R. S. 1943. It follows that the giving of the instruction, if not a part of the ordinance, was error without prejudice as it was in accord with applicable state law.

Defendant further argues that there was no evidence of unlawful speed on his part, and hence the giving of the emphasized portion of the instruction was error. To that there are two answers. It is not claimed that either of the streets involved was an arterial street. The defendant pleaded and proved the city ordinance provision applicable here that any speed above 20 miles an hour was an unlawful rate of speed. The trial court so instructed the jury. The defendant does not object to that part of the instruction.

From the facts hereinbefore discussed a rate of speed of the defendant in excess of the legal limit is clearly inferable. The defendant and his witness put his speed at the legal limit under the ordinance. But the instruction does not apply to the defendant alone. It applies also to the plaintiff and whether or not she had forfeited any right-of-way that she might otherwise have. Defendant testified that plaintiff's speed was 40 miles an hour or double the legal limit. The giving of the instruction was not error.

The judgment of the district court is affirmed.

AFFIRMED.