ROLAND W. PARSONS, APPELLANT, V. HAROLD COOPERMAN,
FIRST REAL AND TRUE NAME UNKNOWN, APPELLEE.

73 N. W. 2d 235

Filed November 25, 1955. No. 33802.

*Charles E. Kirchner* and *Gilbert S. Brown*, for appellant.

*Pilcher, Haney & Howard*, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an appeal from the district court for Douglas

County by Roland W. Parsons, plaintiff below. Parsons sued Harold Cooperman in the municipal court of the city of Omaha to recover damages caused to his 1947 Mercury sedan when it was struck by Cooperman's 1953 Pontiac station wagon. In the municipal court Parsons recovered a judgment for $371.71. However, on appeal to the district court, Parsons' action was, on motion of the defendant, dismissed at the conclusion of the plaintiff's evidence. Plaintiff thereupon filed a motion for new trial and this appeal was taken from the overruling thereof.

Two questions are necessarily involved in this appeal: First, is appellant's evidence sufficient to sustain a verdict in his favor? If the answer is yes then the second question arises, does appellant's evidence establish that he was guilty of negligence sufficient, as a matter of law, to defeat his right to recover? In considering the evidence adduced to determine these questions we apply thereto the following principle: "A motion for directed verdict or for judgment notwithstanding the verdict must, for the purpose of decision thereon, be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is directed. Such party is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference that can reasonably be deduced from the evidence." Stark v. Turner, 154 Neb. 268, 47 N. W. 2d 569.

And further: "In an action where there is any evidence which will support a finding for a party having the burden of proof, the trial court cannot disregard it and direct a verdict against him." Stark v. Turner, *supra*.

"It is only where the evidence shows beyond dispute that plaintiff's negligence is more than slight as compared with defendant's negligence that it is proper for the trial court to instruct the jury to return a verdict or, as in the instant case, to dismiss the plaintiff's peti-

tion. See, Pahl v. Sprague, supra (152 Neb. 681, 42 N. W. 2d 367); Gorman v. Dalgas, supra (151 Neb. 1, 36 N. W. 2d 561)." Evans v. Messick, 158 Neb. 485, 63 N. W. 2d 491.

"In those cases where reasonable minds may differ on the question of whether or not the operator of an automobile exercised the ordinary care required of him under the circumstances of the particular situation, the issue of negligence on the part of the operator is one of fact to be determined by a jury." Weisenmiller v. Nestor, 153 Neb. 153, 43 N. W. 2d 568. See, also, Plotkin v. Checker Cab Co., 133 Neb. 1, 274 N. W. 198; Costello v. Hild, 152 Neb. 1, 40 N. W. 2d 228; Parks v. Metz, 140 Neb. 235, 299 N. W. 643.

This action arises out of an automobile accident that happened in the city of Omaha about 10 a. m. on Monday, February 15, 1954, in the intersection of Fourteenth and Cass Streets. Both Fourteenth and Cass Streets are paved, Fourteenth Street to a width of 60 feet and Cass Street, west of the intersection, to a width of 60 feet but east thereof to a width of only 30 feet. The north curbline of Cass Street is in a straight line east and west of the intersection, the break occurring in the south curbline. Thus the south curbline of Cass Street east of the intersection would be the same as the center line of Cass Street west of the intersection if the curbline was extended west across the intersection. There were no stop or slow signs on either street to control traffic upon approaching and entering the intersection. Neither were there center lines marked on the streets.

On the day in question, which was partly cloudy, the appellant was driving his car south on Fourteenth Street. He was familiar with the street, having driven over it on previous occasions. He was driving on the inner lane for southbound traffic, Fourteenth Street having four lanes for travel, two for northbound and two for southbound traffic. The inner driving lane is adjacent to the center of the street. Fourteenth Street,

north of the intersection, also had parallel parking areas on both sides extending along the curbs to its intersection with Cass Street. At the time appellant was approaching the intersection from the north appellee was approaching it from the east on Cass Street, driving his station wagon on about the middle of the paved surface thereof. East of the intersection there are five railroad tracks running parallel with Fourteenth Street. The west rail of the track farthest to the west is about 20 feet east of the east curbline of Fourteenth Street.

As appellant approached the intersection he looked to his left, or east, when he got to a point where he could see past the cars which were then parked along the east side of Fourteenth Street and saw appellee approaching the intersection in his station wagon. When appellant first observed appellee's station wagon the front of appellant's car was about 15 feet north of the north curbline of Cass Street and traveling about 20 to 25 miles an hour. The speed limit in the area of Omaha where the intersection is located is 25 miles an hour. Appellant testified that when he saw the station wagon it was on the first set of railroad tracks east of the intersection; that it was about 20 to 25 feet east of the east curbline of Fourteenth Street; and that it was traveling about 25 to 30 miles an hour. Appellant, upon observing the station wagon, immediately applied his brakes but did not turn his car. He continued straight ahead into the intersection. The brakes started taking effect and when the rear wheels of his car were some 2 to 4 feet north of the north curbline of Cass Street they left marks from there to where it stopped. It stopped when the rear wheels were some 8 to 10 feet south of the north curbline of Cass Street, thus causing it to stop in the northwest quarter of the intersection as it relates to the width of Cass Street to the west. When appellant's car came to a stop its front end was some 5 to 7 feet north of the center of Cass Street to the west extended into the intersection, the car being about 15

feet long. Appellant, by applying his brakes, had slowed his car so that when it crossed the north curbline of Cass Street and entered the intersection, which he testified was prior to appellee's station wagon entering the intersection, it was going from 10 to 15 miles an hour. The station wagon, owned and being driven by appellee, proceeded in the center of Cass Street until it entered the intersection and thereafter continued, without changing its course or diminishing its speed, until the collision occurred. There were no tire marks of any kind on the pavement to the east of the point of the collision.

The collision did not materially move the rear of appellant's car, which had stopped before it occurred, but did shove the front end some 4 or 5 feet to the right. After the accident the car was standing in the northwest quarter of the intersection facing southwest. The appellee's station wagon stopped in the southwest quarter of the intersection facing northwest, its front end being some 8 to 10 feet south of the center line of Cass Street to the west extended into the intersection and some 5 to 8 feet east of the west curbline of Fourteenth Street if extended across Cass Street.

Both vehicles remained upright and neither driver was hurt although both vehicles were damaged. The damage to the car occurred at the left front corner, it being shoved to the right some 20 to 24 inches. The damage to the station wagon occurred to its right side from about the center back to the rear wheel, it being torn from the front toward the rear.

We realize appellant testified or made admissions contrary to some of the foregoing statements of fact, but in view of the principle here controlling he is entitled to have these controverted facts resolved in his favor. If it was undisputed or a jury found, as he stated in a written statement that he signed that "I first saw the Cooperman car about 1½ car lengths before my car struck the right side of his vehicle," he would be guilty of contributory negligence sufficient to defeat any right to recover

he might otherwise have. But that statement stands disputed by appellant's other testimony and, under the situation here, we are not privileged to pass on that disputed fact as a matter of law. It is a jury function.

The rules applicable to the situation here are either statutory or have often been announced by this court. Section 39-751, R. R. S. 1943, insofar as material here, provides: "When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right except as otherwise provided in section 39-752." The exceptions therein referred to are not material here.

"The rule would seem to be that a vehicle reaching and entering an intersection first shall have the right of way." Parks v. Metz, *supra*. See, also, Plotkin v. Checker Cab Co., *supra*.

"When two automobiles approach an intersection from opposing directions at lawful rates of speed at approximately the same time, the right of way to which is not otherwise controlled by statute or ordinance, the one to the right has the right of way in the intersection." Crandall v. Ladd, 142 Neb. 736, 7 N. W. 2d 642.

"* * * when a person enters an intersection of two streets or highways he is obligated to look for approaching cars and to see those within that radius which denotes the limit of danger. If he fails to see a car which is favored over him under the rules of the road, he is guilty of contributory negligence sufficient to bar a recovery as a matter of law. If he fails to see an automobile not shown to be in a favorable position, the presumption is that its driver will respect his right of way and the question of his contributory negligence in proceeding to cross the intersection is a jury question." Whitaker v. Keogh, 144 Neb. 790, 14 N. W. 2d 596.

"A user of the highways may assume, unless and until he has warning, notice, or knowledge to the contrary, that other users of the highways will use them in

a lawful manner, and until he has such warning, notice, or knowledge, he is entitled to govern his actions in accordance with such assumption." Angstadt v. Coleman, 156 Neb. 850, 58 N. W. 2d 507.

"A motorist entering an intersection from the right is in a favored position and has the right-of-way, other things being equal, but such fact does not do away with the duty of the driver of the favored car to exercise ordinary care to avoid an accident." Evans v. Messick, *supra.*

"One having the right-of-way may not on that account proceed serenely unconscious of the surrounding circumstances. He has the right-of-way over traffic approaching on his left, but is not thereby relieved from the duty of exercising ordinary care to avoid accidents." Stark v. Turner, *supra.*

From the evidence adduced we think a jury could find that appellee approached and entered the intersection without stopping; that he was traveling between 25 and 30 miles an hour; that he never deviated from his course; and that he ran into appellant's car in the northwest corner of the intersection. Under this situation we think the following, taken from DeBus v. Amen, 142 Neb. 109, 5 N. W. 2d 92, has application: "A motorist is guilty of actionable negligence and liable for resulting damages, where he drives into the center of the intersection of city streets without slackening an excessive speed or changing his course and runs violently into the automobile of another motorist who has the right of way and who is free from negligence."

From the evidence adduced we think the jury could find appellant, as he was driving south on Fourteenth Street, observed appellee's station wagon at the first opportunity; that he continued to watch it as it approached and entered the intersection; and that he applied his brakes and stopped his car to avoid the accident. Under this situation it is a question for the jury to determine whether or not appellant's conduct, under

the circumstances, was negligent and, if so, the degree thereof.

We recognize that when a driver of an automobile is about to and does enter an intersection of two streets that he is obligated to look for approaching cars and to see those within that radius which denotes the limit of danger and that under this rule we have held the driver guilty of negligence more than slight, as a matter of law, where he drove into an intersection without looking for traffic in the direction from which he could have seen it coming, Miller v. Aitken, 160 Neb. 97, 69 N. W. 2d 290, or, after seeing a vehicle approaching at some distance enters the intersection without looking again, Evans v. Messick, *supra,* or failing to look after reaching a point where he could have seen it, Nelson v. Plautz, 130 Neb. 641, 265 N. W. 885.

As we said in Thrapp v. Meyers, 114 Neb. 689, 209 N. W. 238, 47 A. L. R. 585: "We have no doubt that cases may arise where it would be the duty of the court to rule, as a matter of law, that the failure of the driver of an automobile upon approaching an intersection to look in the direction from which other travelers upon the highway might be expected would amount to more than slight negligence and prevent a recovery, but we do not feel warranted in laying down a hard and fast rule governing all cases."

But such is not the situation here. Appellant looked at the first opportunity he had when looking would permit him to see and observed appellee's station wagon approaching the intersection from the east on Cass Street or to his left. When he saw the station wagon he applied his brakes and stopped his car in the northwest quarter of the intersection. He continued to observe the station wagon from where he first observed it up until it hit his car. We find the evidence adduced, viewed favorable to appellant, presents a question of fact for the jury both as to appellee's negligence and appellant's contributing negligence together with a comparison

thereof if both are found to exist. We do not think it can be said that appellant was, as a matter of law, guilty of contributory negligence sufficient to defeat his right to recover.

As stated in Thrapp v. Meyers, *supra:* "The driver of an automobile, upon reaching an intersection, has the right of way over a vehicle approaching on his left, and may ordinarily proceed to cross; but if the situation is such as to indicate to the mind of an ordinarily prudent person in his position that to proceed would probably result in a collision, then he should exercise ordinary care to prevent accident, even to the extent of waiving his right."

Having come to the conclusions herein set forth we find the action of the trial court was in error. We therefore reverse its judgment and remand the cause with directions that the appellant be given a new trial.

REVERSED AND REMANDED WITH DIRECTIONS.