GEORGE PUPKES, APPELLANT, V. ORAL V. WILSON, DOING BUSINESS AS WILSON BEER DISTRIBUTOR, APPELLEE.

87 N. W. 2d 556

Filed January 24, 1958. No. 34293.

Lester L. Dunn, Blake, Fabian & Fabian, and J. H. Dickens, for appellant.

Chambers, Holland, Dudgeon & Hastings, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

Plaintiff sued to recover damages for injuries sustained in an automobile accident. The trial court dismissed the action at the close of plaintiff's evidence, and the plaintiff has appealed.

On April 19, 1955, at about 6:15 p.m., the plaintiff was driving his automobile in a southerly direction on Preston Road, a county highway running north and south in Richardson County. The road was graveled and dry. As he approached the intersection of Preston Road with State Highway No. 4, he stopped at the stop sign about 18 or 20 feet from the pavement on State Highway No. 4, a through highway protected by stop signs. Plaintiff testified that he looked to his right where he could see for a quarter of a mile and saw no traffic approaching. He then looked to his left, where he had an unobstructed view of 550 feet to the top of a grade rising towards the east, and saw no traffic within his range of vision. His wife testified that she was riding in the front seat and likewise looked and saw no traffic approaching from either direction. She told plaintiff that the road was clear, and he proceeded to drive across the intersection at a speed not exceeding 10 miles an hour. They did not look again for approaching traffic. When plaintiff had driven across the center of the intersection and at a point where the front wheels of the car were off the south edge of the pavement and the rear wheels were on the pavement, his car was struck on the left rear wheel by defendant's truck which was approaching from the east. As a result of the collision plaintiff sustained severe personal injuries. The action was commenced to recover damages for the injuries sustained because of the negligence of the driver of defendant's truck.

The evidence shows also that defendant's truck was

traveling west on State Highway No. 4 at a speed of approximately 55 miles per hour when it was one-half mile east of the intersection. There were tire marks on the pavement extending 114 feet east from the point of impact. These marks were on the south side of the center line of the highway, they being in the lane for vehicles traveling east. The evidence shows that these tire marks followed a straight course slightly to the south until they reached the approximate point of impact, where they turned to the northwest. The truck overturned about 112 feet beyond the point of impact.

A witness testified that the driver of the truck told him he saw plaintiff's car enter the intersection as he was coming over the hill, that he thought plaintiff was going to turn to go into Falls City, that he started to pass him on his left, and that when he saw that plaintiff was not turning to the right he attempted to get back on his own side of the road to miss plaintiff's car but that he did not make it. The state patrolman who was called to the scene of the accident testified that defendant's driver said he saw plaintiff's car come across the pavement, that he did not see him stop for the stop sign, and that he hit the car broadside. The patrolman testified that the view line at the top of the grade to the east was 722 feet from the intersection.

On this evidence the trial court found that plaintiff was guilty of contributory negligence which was more than slight, as a matter of law, and dismissed the action. This is the equivalent of a directed verdict for the defendant. The only issue before the court is the correctness of the trial court's ruling that plaintiff was guilty of contributory negligence more than slight as a matter of law.

In considering the evidence plaintiff is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference that can reasonably be deduced from the evidence. Egenberger v. National Al-

falfa Dehydrating & Milling Co., 164 Neb. 704, 83 N. W. 2d 523.

The defendant relies upon the rule of law announced in Maska v. Stoll, 163 Neb. 857, 81 N. W. 2d 571, to the following effect: "When a person enters an intersection of two streets or highways he is obligated to look for approaching cars and to see those within that radius which denotes the limit of danger. If he fails to see a car which is favored over him under the rules of the road, he is guilty of contributory negligence sufficient to bar a recovery as a matter of law. If he fails to see an automobile not shown to be in a favored position, the presumption is that its driver will respect his right-of-way and the question of his contributory negligence in proceeding to cross the intersection is a jury question."

The evidence shows that plaintiff stopped at the stop sign, looked to his right and to his left, saw no traffic approaching from either direction, and entered the intersection. Plaintiff had crossed the center line of the intersection and had his automobile half off the pavement when it was struck by defendant's truck. The evidence affirmatively shows by the admissions of plaintiff and his wife that he did not look to the right or the left after entering the intersection.

The evidence shows also that defendant's truck was being driven west at a speed of approximately 55 miles an hour at a point one-half mile east of the intersection. The driver of the truck saw plaintiff's car entering the intersection when he reached the top of the grade to the east of the intersection. His rate of speed as he came down the grade, a distance of 550 to 720 feet, is not shown by the record. As the truck neared the intersection the driver assumed that plaintiff was going to turn right to go into Falls City. The driver of the truck turned to his left to pass plaintiff's car on this assumption. When the truck driver saw that plaintiff was not turning to his right, but was proceeding south across the intersection, he applied his brakes and attempted to

avoid a collision by turning back to his right-hand side of the highway. He failed in his efforts to avoid the accident.

It is plain from this evidence that plaintiff had cleared the lane of travel for west-bound traffic, the direction in which the truck was traveling. The driver of the truck saw plaintiff's car entering the intersection when the truck was more than 550 feet away. As he approached the intersection the truck driver assumed that plaintiff was going to turn to the right, an assumption not based on any conduct of the plaintiff. When the driver of the truck discovered his error he applied his brakes and attempted to avoid the accident by turning back into his right-hand lane.

In considering this evidence the jury might well have found that plaintiff had a right-of-way through the intersection superior to that of the driver of the truck. The evidence would sustain a jury finding that the proximate cause of the accident was the turning of the truck into its left lane on the erroneous assumption that plaintiff was going to turn right at the intersection. The jury could well have found that if the truck had stayed on its right-hand side of the road there would have been no accident.

Under such circumstances we cannot say that the failure of the plaintiff to maintain a proper lookout after entering the intersection is contributory negligence more than slight as a matter of law. The negligence of the driver of the truck in assuming that plaintiff, when there was no basis in fact for such an assumption, would turn to the right, could properly be found by the jury to have been the proximate cause of this accident. It would be for the jury to determine under proper instructions whether the negligence of the plaintiff was more than slight when compared with that of the driver of the truck.

Under the evidence adduced, the driver of the truck was not in a favored position as he approached the in-

tersection. The jury could find that plaintiff had the right-of-way in attempting to cross as he did. While plaintiff's right-of-way was not an absolute one, plaintiff could properly assume that the driver of the truck would comply with the rules of the road, and if the latter did not, a jury question was presented. This rule is stated in Kohl v. Unkel, 163 Neb. 257, 79 N. W. 2d 405, as follows: "When the driver of an automobile entering an intersection looks but fails to see an approaching automobile not shown to be in a favored position, the presumption is that the driver of the approaching automobile will respect his right-of-way, and the question of his contributory negligence in proceeding to cross the intersection is a jury question." See, also, Whitaker v. Keogh, 144 Neb. 790, 14 N. W. 2d 596; Parsons v. Cooperman, 161 Neb. 292, 73 N. W. 2d 235.

When the evidence establishes that one entering an intersection fails to see an approaching vehicle which is favored over him, he is guilty of contributory negligence sufficient to bar recovery as a matter of law. Whitaker v. Keogh, *supra;* Parsons v. Cooperman, *supra.* In the instant case the evidence does not establish that the driver of the truck was in a favored position. Under such circumstances it is for the jury to determine, under proper instructions, the question of negligence and contributory negligence.

In Whitaker v. Keogh, *supra,* we announced the following rule: "Where an automobile proceeding across a street intersection had passed the center of the intersecting street and was struck by a car approaching from its left, and it appears that no collision would have occurred if the approaching car had proceeded on its right-hand side, no justification being shown for the approaching car being to the left of the center of the street, any negligence of the driver of the first car in failing to see the approach of the second is not a proximate cause of the accident." The facts of the instant case place it squarely within this rule.

For the reasons stated, the trial court erred in dismissing plaintiff's action at the close of plaintiff's evidence. The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.