LOUIS SANDERSON, APPELLEE, V. RALPH WESTPHALEN ET AL., APPELLANTS.

133 N. W. 2d 16

Filed February 11, 1965.   No. 35823.

Kanouff & Fly, for appellants.

Lyle B. Gill, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOS-LAUGH, BROWER, SMITH, and McCOWN, JJ.

BOSLAUGH, J.

This is an action for damages arising out of an automobile accident brought by Louis Sanderson as plaintiff. The defendants are Ralph Westphalen, Floyd J. Johnson, and Betty E. Johnson. The jury returned a verdict in the amount of $12,833 for the plaintiff. The defendants' motion for judgment notwithstanding the verdict or for a new trial was overruled and they have appealed.

The defendant, Ralph Westphalen, was a farm laborer employed by the defendants, Floyd J. Johnson and Betty E. Johnson, and was driving a Chevrolet pickup truck owned by the Johnsons at the time the accident happened. The pleadings admit the agency, and there is no issue concerning the liability of the Johnsons if the evidence is sufficient to sustain a finding that Westphalen is liable for the damages to the plaintiff. For

convenience, Westphalen will be referred to as the defendant.

The accident happened at an intersection of county roads in Saunders County, Nebraska, at about 4 p.m., on December 6, 1961. It was a clear day and the roads were dry. Both roads were graveled. The traveled portion of the east-west road was 20 feet wide. The traveled portion of the north-south road was 18 feet wide.

The parties stipulated that E. Gerald Erickson, a qualified engineer, if called as a witness would testify that there is a hill or rise on the east-west road east of the intersection; that the distance from the center of the intersection to the bottom of the hill is 504 feet; that the distance to the top of the hill is 764 feet; that there is a knoll or hill on the north-south road south of the intersection; and that the top of the hill is 675 feet south of the center of the intersection.

A driver approaching the intersection from the east has a clear view of vehicles approaching from the south. A driver approaching the intersection from the south has a clear view of vehicles approaching from the east.

The plaintiff testified that he was driving his Chevrolet automobile west at about 35 miles per hour; that when he was at the bottom or close to the bottom of the knoll east of the intersection, "* * * which I'd say would be three or four hundred feet," he looked to the south and then to the north; that he did not see anything approaching the intersection from the south; that he did not look to the south again because it looked all clear to him; and that he did not see the defendant's truck before the impact.

The defendant testified that he was driving the pickup truck north at about 35 miles per hour; that when he was between 300 and 400 feet from the intersection he looked to the east and saw nothing; that he did not look to the east again; that he looked to the west and continued to look to the west because he did not have a good view of the road west from the intersection until

he was within 10 or 15 feet of it; and that he did not see the plaintiff's automobile before the impact.

The point of impact was near the center of the intersection. The front of the pickup truck collided with the left front fender and door of the plaintiff's automobile. The plaintiff's automobile came to rest in a plowed field 148 feet from the center of the intersection and 49 feet north of the east-west road. The defendant's truck came to rest near the northwest corner of the intersection 25 or 27 feet from the center of the intersection and headed to the northeast.

The assignments of error relate to the sufficiency of the evidence to support the finding for the plaintiff on the issue of liability. The defendants contend that the evidence establishes that the plaintiff was guilty of negligence as a matter of law which was sufficient to bar any recovery.

The defendants argue that the plaintiff's failure to see the defendant's truck and his failure to look to the south again as he approached the intersection was contributory negligence sufficient to bar his recovery. The defendants rely upon Nelson v. Plautz, 130 Neb. 641, 265 N. W. 885, and Evans v. Messick, 158 Neb. 485, 63 N. W. 2d 491, in which it was said that the failure of the driver of an automobile, upon approaching an intersection, to look in the direction from which another automobile is approaching, where, by looking, he could see and avoid the collision that resulted, is more than slight negligence, as a matter of law, and defeats recovery.

The jury in this case could find that the plaintiff looked to the south when he was between 300 and 400 feet from the intersection. At that time he would have a clear view of the road south from the intersection for a distance of 675 feet. The negligence of the plaintiff in this case lies in his failure to see the defendant's truck rather than a failure to look to the south at a

time when he was able to see the defendant's truck approaching the intersection.

In this case the plaintiff and the defendant approached and entered the intersection at approximately the same time. Gernandt v. Beckwith, 160 Neb. 719, 71 N. W. 2d 303. The plaintiff having approached the intersection to the right of the defendant, had the right-of-way and the right to assume that his right-of-way would be respected unless it would appear to an ordinarily careful and prudent person that to proceed would probably result in a collision. § 39-751, R. S. Supp., 1961; Long v. Whalen, 160 Neb. 813, 71 N. W. 2d 496.

The problem in this case is whether the evidence of negligence on the part of the plaintiff was sufficient to bar his recovery as a matter of law. We think that the correct rule is that before a verdict can be directed against a driver for his failure to see another vehicle approaching a nonprotected intersection, the evidence must show without dispute that the other vehicle was located in a favored position and within the radius of danger. Costanzo v. Trustin Manuf. Corp., 176 Neb. 136, 125 N. W. 2d 556. Where a driver looks but fails to see an approaching vehicle which is not shown to be in a favored position, his negligence is usually a question for the jury. Whitaker v. Keogh, 144 Neb. 790, 14 N. W. 2d 596.

We think that the rule stated in Nelson v. Plautz, *supra,* and Evans v. Messick, *supra,* is applicable where the driver fails to look at all or fails to see another automobile which is shown to be in a favored position. Whitaker v. Keogh, *supra.* To the extent that the opinions in Nelson v. Plautz, *supra,* and Evans v. Messick, *supra,* are in conflict with this opinion, they are overruled.

The judgment of the district court is correct and it is affirmed.

AFFIRMED.