KENNETH H. MUIRHEAD, APPELLEE, V. MINNIE L. GUNST, APPELLANT.

281 N. W. 2d 207

Filed July 10, 1979. No. 42105.

Nye, Hervert, Jorgensen & Watson, P. C., for appellant.

Knapp, State, Yeagley, Mues & Sidwell, for appellee.

Heard before BOSLAUGH, WHITE, and HASTINGS, JJ., and HENDRIX and BUCKLEY, District Judges.

HENDRIX, District Judge.

This action arises out of a motor vehicle collision which occurred at the intersection of 8th Avenue and 21st Street in the city of Kearney, Buffalo County, Nebraska, at about 9:15 a.m., on February 12, 1976. Kenneth H. Muirhead, plaintiff and appellee, hereinafter referred to as the plaintiff, alleged the collision

(1)

was caused by Minnie L. Gunst, defendant and appellant, hereinafter referred to as the defendant. The defendant alleged the collision was caused by the negligence of the plaintiff.

The case was tried to the county court of Buffalo County, Nebraska, which found in favor of the plaintiff and against the defendant, awarding judgment in the sum of $1,068.47 plus interest and costs. On appeal to the District Court for Buffalo County, Nebraska, the judgment of the county court was affirmed. The defendant appealed to this court contending that negligence by the plaintiff and the last clear chance doctrine should defeat plaintiff's recovery. We affirm the judgment of the District Court.

The evidence reveals the significant facts are not in dispute. The weather was clear and the intersection was hard-surfaced and not controlled by traffic signs or lights. The view of both parties was unobstructed. The plaintiff was driving his 1974 Chevrolet pickup north on 8th Avenue. The defendant was driving her 1974 Buick east on 21st Street. The defendant testified she was traveling approximately 20-25 miles per hour as she approached the intersection. She did not see the plaintiff until the impact. The plaintiff testified he was traveling approximately 20 miles per hour as he approached the intersection. He saw the defendant's vehicle approach the intersection, observed it enter the intersection after he entered it, and then perceived that the defendant was not slowing down nor yielding the right-of-way. He accelerated slightly and turned to the right, but the defendant's vehicle struck the plaintiff's vehicle just behind the left cab door. Damages resulted which were not in dispute.

Since this is a law action, the finding of the trial court is equivalent to the verdict of a jury and will not be set aside on appeal unless clearly wrong.

The finding of negligence by the defendant is amply supported by the evidence. This includes testi-

mony that plaintiff entered the intersection first and conclusive evidence of the plaintiff's vehicle being on the right. The defendant failed to yield the right-of way. § 39-635, R. R. S. 1943. When two vehicles approach an intersection at approximately the same time, the vehicle on the right has the right to proceed in a lawful manner in preference to the vehicle on the left. In other words, the vehicle on the right has the right to the immediate use of the intersection, and it is this use of the roadway that the vehicle on the left is required to yield to the vehicle on the right. Reese v. Mayer, 198 Neb. 499, 253 N. W. 2d 317. The evidence also reveals that defendant did not keep a proper lookout by virtue of her failing to see plaintiff's vehicle until the impact.

The trial court was also correct in determining that recovery was not barred by contributory negligence. At an unobstructed intersection, the plaintiff, having the right-of-way, had the right to assume that his right-of-way would be respected unless it would have appeared to an ordinarily careful and prudent person that to proceed would probably result in a collision. Sanderson v. Westphalen, 178 Neb. 298, 133 N. W. 2d 16. When it became apparent the defendant was not going to honor the plaintiff's right-of-way, the plaintiff increased his speed and turned to the right in an attempt to avoid the collision. The trial court correctly found that contributory negligence was not present to defeat recovery.

The defendant attempts to invoke the last clear chance doctrine, but it has no application where, as here, the trial court could properly have found that the negligence of the defendant was active and continuing, the plaintiff had no timely opportunity or ability to avoid the collision, and the plaintiff was not guilty of negligence. When the negligence of the party seeking to invoke the last clear chance doctrine is active and continuous as a contributing factor up to the time of the injury, the doctrine has no

application. Whitehouse v. Thompson, 150 Neb. 370, 34 N. W. 2d 385; and Restatement, Torts 2d, § 479, p. 530, and Nebraska Annotations, p. 130. It is not necessary to consider whether the law of this state permits the use of the doctrine to benefit a party not claiming damages.

AFFIRMED.