CHARLES D. FLANAGIN, APPELLEE, v. JOHN S. DEPRIEST,
APPELLANT.

157 N. W. 2d 389

Filed March 22, 1968. No. 36702.

Kier, Cobb & Luedtke and William A. Wieland, for appellant.

. J. Arthur Curtiss and Baylor, Evnen, Baylor & Urbom, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This case involves an automobile accident occurring at the asphalt-paved intersection of Cleveland and Fortieth Streets in Lincoln, Nebraska, at about 6:40 a.m. on April 15, 1966. It is an open intersection without stop signs or traffic signals. Plaintiff Charles D. Flanagin was traveling south on Fortieth Street and defendant John S. DePriest was traveling east on Cleveland Street. On trial to a jury, plaintiff received a verdict for $8,000. Defendant appeals.

The evidence discloses that the area lying northwest of the intersection was level and open without obstructions except for a building about 75 feet north from the corner. The front end of defendant's car struck the right side of plaintiff's car at or behind the doors. The only skidmarks were those made by the cars sliding sidewise after the impact and measuring from the point where the skidmarks appeared, it was 16 feet to the east curbline and 13 feet to the north curbline. Measuring from the same point, it was 45 feet to where plaintiff's car rested against a tree straddling the east curbline south of the

intersection facing east by southeast, and 67 feet to where defendant's car rested over a mailbox straddling the south curb east of the intersection. The entire front end of defendant's car was damaged and the right rear of plaintiff's car was damaged, the fuel tank was ruptured, and the car had then burned. Debris was scattered about 75 feet to the east and 100 feet to the south.

A police officer, called to the scene, testified that defendant stated he was driving about 25 miles per hour, slowed down some on approaching the intersection, looked both ways, but saw no car until he observed plaintiff's car directly in front of him; he had clear vision, but had no time to apply his brakes.

Plaintiff testified he was traveling south at 20 to 25 miles per hour, that he looked to the east and west on approaching the intersection and saw no cars approaching, that he looked again as he entered the intersection and then saw defendant's car approaching from the west 60 to 80 feet from the intersection. Plaintiff traveled about 25 feet to point of impact from the time he saw defendant's car and defendant traveled about three times that far. Plaintiff sustained a broken femur, a bump on the head, the loss of his car, and certain masonry tools in the trunk. His medical expense, including surgery, amounted to $1,476.25.

Plaintiff was a bricklayer earning $3.75 to $4 per hour, was steadily employed before and after his injury, and lost about 4½ months from his work.

Defendant testified he was traveling east at about 25 miles per hour, slowed on approaching the intersection, looked to the south and to the north and saw no approaching vehicles, started to accelerate, looked again to the north when close to the intersection but failed to see plaintiff until just before the collision, and had no time to slow down.

In his brief, defendant argues four assignments of error.

His first contention is that since he was on the right in approaching the intersection, he had the right-of-way

over another vehicle approaching from the left at approximately the same time and that, therefore, the rule found in Gernandt v. Beckwith, 160 Neb. 719, 71 N. W. 2d 303, is applicable, to wit: That when a collision occurs in the ordinary city intersection, unless there is evidence that one of the vehicles was traveling at a very much greater rate of speed than the other, it is self-evident that the vehicles were reaching the intersection at approximately the same time. A requested instruction on this proposition was denied and we believe correctly so. The giving of this instruction would have practically foreclosed the jury from determining which vehicle reached or entered the intersection first and which had the right-of-way. Section 39-728, R. S. Supp., 1965, provides: "* * * motor vehicles traveling upon public highways shall give the right-of-way to vehicles approaching along intersecting highways from the right, and shall have the right-of-way over those approaching from the left when said vehicles shall reach the intersection at approximately the same time. (2) In all other cases the vehicle reaching the intersection first shall have the right-of-way." The rights of the parties under this statute were carefully set out by the trial court in its instructions. It may be pointed out that the Gernandt case is not applicable in the present instance because there was evidence in this record from which the jury could determine that plaintiff entered the intersection well ahead of defendant and that defendant was traveling at an excessive rate of speed so that he would have forfeited any right-of-way he might have had under the statute. Plaintiff's evidence shows that after he entered the intersection, he observed defendant's car 60 to 80 feet back from the intersection. Other matters which the jury was entitled to consider in regard to the questions presented by this proposition are the manner in which the cars collided, the relative locations, the damage sustained, the distance traveled after the collision, and the area over which debris was scattered. "It is not error to refuse a requested instruc-

tion if the legal principles therein announced are either incorrectly stated or inapplicable to the issues involved." Frazier v. Anderson, 143 Neb. 905, 11 N. W. 2d 764.

As a second assignment of error, defendant insists that his motion for a directed verdict or for dismissal should have been sustained, and calls attention to the rule set out in Kraft v. Wert, 150 Neb. 719, 35 N. W. 2d 786, as follows: "When a person enters an intersection of two streets or highways he is obligated to look for approaching cars and to see those within that radius which denotes the limit of danger. If he fails to see a car which is favored over him under the rules of the road, he is guilty of contributory negligence sufficient to bar a recovery as a matter of law. If he fails to see an automobile not shown to be in a favored position, the presumption is that its driver will respect his right of way and the question of his contributory negligence in proceeding to cross the intersection is a jury question." It has been frequently held, however, that before the foregoing rule is applicable and: "Before a verdict can be directed against a motorist for failing to see an approaching automobile at a non-protected intersection, the position of the approaching automobile must be *undisputedly located* in a favored position." (Emphasis supplied.) Costanzo v Trustin Manuf. Corp., 176 Neb. 136, 125 N. W. 2d 556. The record here does not undisputably show that defendant was in a favored position, but was sufficiently contradictory to present a jury question on this issue. As pointed out above, the factors in relation to who entered the intersection first, the relative position of the cars and the speed of defendant's car are disputed elements entering into the picture. "In determining the question of whether the evidence is sufficient to submit the issues of negligence and contributory negligence to the jury, a party is entitled to have all conflicts in the evidence resolved in his favor and the benefit of every reasonable inference that may be deduced from the evidence, and if reasonable minds might draw different conclusions from a set of

facts thus resolved in favor of a party, the issues of negligence and contributory negligence are for a jury." Costanzo v. Trustin Manuf. Corp., *supra*.

As a third assignment, defendant claims error in the rejection of a requested instruction as follows: "You are instructed that vehicles traveling at an unlawful or excessive rate of speed forfeit the right-of-way, but this does not transfer the right-of-way to the other vehicle approaching from the left, but if proved, only bars from consideration of the jury the question of right-of-way as an element of negligence." The court instructed that: "'The driver of any vehicle traveling at an unlawful rate of speed shall forfeit any right of way which he might otherwise have, hereunder,'" reference being to an ordinance contained in the same instruction setting out, in substance, the same provisions as those contained in section 39-728, R. S. Supp., 1965. It appears that what defendant sought was a further definition of the word "forfeit." The word "forfeit" is a word in common use and generally understood. According to Webster's Third New International Dictionary (Unabridged), p. 891, it means: "lost or alienated for an error, fault, offense, breach of condition, legal duty, or crime." It refers to something lost by the guilty party and not to anything gained by another. In the present instance, it cannot import a "transferal." To give the requested instruction would have been confusing to the jury and erroneous. As indicated by plaintiff's evidence, the plaintiff entered the intersection first and had time to cross had defendant not been driving at an excessive rate of speed. The plaintiff would then have had the right-of-way under the statute irrespective of any transferal of the right-of-way; yet the tendered instruction intimates that before the plaintiff could have had the right-of-way, there would have had to have been such a transferal. It purports to entirely bar consideration of the element of right-of-way by the jury if excessive speed were found. Furthermore, the instructions given by the court covered

every phase of the law pertaining to right-of-way at an open intersection in such manner that the jury would necessarily have received a clear understanding thereof and no prejudice could result from the failure to further define the word "forfeit." See Frazier v. Anderson, *supra*.

As his fourth and last assignment of error, defendant contends that instruction No. 7 given by the court which included the following language: "The driver of a vehicle upon reaching an intersection has the right of way over a vehicle approaching on his left and may ordinarily proceed to cross, and he has a legal right to assume that his right of way will be respected by the other driver; but if the situation is such as to indicate to the mind of an ordinarily prudent person in his position that to proceed would probably result in a collision, then he must exercise ordinary care and caution to prevent an accident even to the extent of waiving and giving up his right of way to cross the intersection first. * * *" was prejudicial in that it used the term "reaching an intersection" rather than "approaching an intersection." This contention is without merit. See Long v. Whalen, 160 Neb. 813, 71 N. W. 2d 496.

"Instructions should be read and construed together, and, if as a whole they state the law correctly, they will be held sufficient, although one or more of them, considered separately, may be subject to just criticism." Wright v. Lincoln City Lines, Inc., 163 Neb. 679, 81 N. W. 2d 170.

"The meaning of an instruction, not the phraseology, is the important consideration, and a claim of prejudice will not be sustained when the meaning of the instruction is reasonably clear." LeMieux v. Sanderson, 180 Neb. 311, 142 N. W. 2d 557.

The judgment of the district court is affirmed.

AFFIRMED.