JEANETTE ZUCKER ET AL., APPELLANTS, V. LEONARD J.
MONOHAN ET AL., APPELLEES.
163 N. W. 2d 786
Filed January 10, 1969.   No. 36922.

Homer E. Hurt, Jr., for appellants.

Emil F. Sodoro, Jon S. Okun, and Richard P. Jeffries, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and STUART, District Judge.

SPENCER, J.

This is an action by Jeanette Zucker for damages for personal injuries, and Zucker's Enterprises, Inc., for property damages.  Jeanette Zucker, who will hereinafter be referred to as plaintiff, was a passenger in an automobile purchased by her husband and used for family purposes but registered in the name of Zucker's Enterprises, Inc.  A jury returned a verdict for the defendants, and plaintiffs have perfected an appeal to this court.

On June 17, 1965, at approximately 9:15 a.m., the automobile operated by plaintiff's 18-year-old son was traveling east on West Dodge Street, approaching One Hundred Fourteenth Street, in Omaha, Nebraska.  At that time a truck owned and operated by Henry J. Wheeler, which had been westbound, was properly stopped immediately north of the center of West Dodge Street for the purpose of making a left turn onto One Hundred Fourteenth Street.  At that same time, a delivery truck, operated by defendant Leonard J. Monohan and owned

by Robert Bartels, was stopped at a stop sign on the south side of One Hundred Fourteenth Street.

There is a downgrade approaching One Hundred Fourteenth Street from the west, although the area at One Hundred Fourteenth Street is relatively level. The testimony would indicate that the crest of the hill is some one-quarter to one-half mile to the east. From exhibit 8, which is a view from the scene to the west, the distance would appear to be less than three city blocks.

The testimony of plaintiff's witnesses would indicate that as plaintiff's car approached One Hundred Fourteenth Street, Leonard J. Monohan, who will hereinafter be referred to as defendant, drove his truck onto West Dodge Street directly in front of the plaintiff's automobile, forcing the driver to slam on the brakes of the car, and throwing it into a skid. Plaintiff's car skidded 171 feet and struck the front end of the parked Wheeler truck. No contact was made between plaintiff's vehicle and the truck operated by defendant.

The testimony on behalf of the defendants would indicate that defendant stopped at the stop sign which is approximately 15 feet south of the intersection. Defendant testified that he looked to the right and observed the Wheeler truck which was stopped for a left turn; that he then looked behind the Wheeler truck; then, after looking to the right, looked for traffic to the left or from the west, and observed that there was no traffic from that direction; and that he again looked toward the Wheeler truck before starting to move. He then shifted the truck into second gear and started his forward motion, and at that time observed the Zucker car approaching in the outside eastbound lane. At that time, the Zucker car was halfway up the hill. He immediately stopped his truck the second time. It is defendant's testimony that he stopped his truck as soon as he observed the plaintiff's vehicle, and that he is positive that no part of his truck was out on West Dodge Street. On cross-examination, he testified that no part of his truck

was on the West Dodge Street highway, but that even if it were, it would not be more than 2 or 3 feet. It is defendant's testimony that when he heard the screech of brakes he was stopped, and thereafter he continuously observed the Zucker vehicle as it was driven across the center lane and into the Wheeler truck.

Defendant testified that after the accident he, waited for traffic to clear, and then drove, his truck across West Dodge Street. On cross-examination, he testified as follows relative to a conversation with the deputy sheriff who investigated the accident: "Q. When you went over there, did you talk to him? A. Yes, sir. Q. What was the extent of that conversation? A. He asked me if I was the driver of this truck and I said, 'Yes', and he said, 'Did you pull out in front of this vehicle that just had the accident?' and I said, 'No', I said, 'I don't know why the vehicle ever pulled way over into the oncoming lanes when they had plenty of room to pass in front of me', and he said, 'I don't, either, but I had better get your name', and I therefore gave him my driver's license and he released me. Q. Then you went on about your work? A. Yes, sir."

Although plaintiff alleges 12 assignments of error, the only question involved in this appeal is the sufficiency of the evidence to sustain the verdict. Plaintiff, who did not move for a directed verdict, now insists that defendant's testimony establishes his own negligence as a matter of law. This is premised on defendant's testimony that no part of his truck was on West Dodge Street, but even if it were, it would not be more than 2 or 3 feet. There is no merit to this contention. Even if it might be assumed defendant was guilty of some negligence, the issue of proximate cause is one for the jury. Negligence is actionable only if it proximately caused or contributed to the injury for which recovery is sought. Barney v. Adcock, 162 Neb. 179, 75 N. W. 2d 683.

We do not deem it necessary to a clear understanding of this issue to review the evidence in detail. We think

we have sufficiently set out enough of the defendant's evidence to demonstrate that a jury question was presented. In a case involving issues of negligence, where different minds may draw different conclusions or inferences from the evidence adduced, or if there is a conflict in the evidence, the matter at issue must be submitted to the jury. Young v. Stoetzel, 159 Neb. 624, 68 N. W. 2d 186; Flanagin v. DePriest, 182 Neb. 776, 157 N. W. 2d 389.

Five of plaintiff's assignments of error are directed to portions of the instructions submitting questions relative to the negligence, if any, of the driver of the automobile in which plaintiff was riding. Definitely there was a jury question on this issue. Ignoring the testimony of the defendant, plaintiff's car laid down skid marks of 171 feet on dry pavement, and hit a truck with sufficient force to move it back at least 4 feet. The force of the impact is evident from the damages to the Zucker automobile. The jury was privileged to consider the physical facts as well as the testimony of the witnesses, and undoubtedly concluded that the sole proximate cause of plaintiff's injury and damage was the negligence of her son who was driving the automobile in which she was riding.

There is no merit to any of plaintiff's assignments of error. The judgment herein should be and hereby is affirmed.

AFFIRMED.